IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DELL MARKETING, L.P. (a Texas limited partnership), | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. A-10-CA-590 SS |
| v. | § § | |
| INCOMPASS IT, INC. (a Minnesota corporation), | § § § | |
| | § | |
| Defendant. | § | |

## **DELL MARKETING, L.P.'S FIRST AMENDED COMPLAINT**

Plaintiff Dell Marketing, L.P., for its complaint against Defendant InCompass IT, Inc., respectfully would show the Court as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff Dell Marketing, L.P. ("Dell"), a Texas Limited Partnership, filed a state court collections lawsuit seeking Seventy-Five Thousand Five Hundred Seventy-Eight Dollars and 79/100 ($75,578.79) that was removed to federal court, and thus has appeared before the Court.

2.  Defendant InCompass IT, Inc. ("InCompass"), a corporation organized under the laws of the state of Minnesota, removed this lawsuit to federal court, filed counterclaims in this federal court, and has thus appeared before the Court.

3.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs, exceeds seventy-five thousand dollars ($75,000).

25050

4.     This Court has personal jurisdiction over InCompass because the company has transacted business within this District, the business relationship between the parties arose from contacts and meetings that occurred in the state of Texas, and the claims arising in this lawsuit arise out of that interaction.

5.     As more particularly described herein, Dell's cause of action arose from or is connected with one or more transactions with InCompass that occurred or were consummated in Texas.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

7.     The factual background for the business relationship between Dell and InCompass giving rise to this lawsuit starts in Dallas, Texas.

8.     In February, 2008, InCompass's CEO, Tim Lambrecht, attended a conference in Dallas called "Channel Summit 2008" and had contact with a representative of Dell.

9.     As part of the activities at Channel Summit 2008, Lambrecht met with the Dell representative. Among other things, they discussed the possibility of InCompass, a Managed Service Provider, entering into a reseller agreement with Dell, whereby InCompass would buy and resell Dell products to its customers as part of InCompass's managed service provider business.

10.    Shortly after the conference, Lambrecht initiated an email dialogue with an Austin-based Dell Vice President who was in charge of Dell's reseller program. During that dialogue, Lambrecht referenced having met with a Dell representative in Dallas who convinced him to "get into [the Dell] reseller program." Lambrecht also asked for guidance about who to contact to get involved as a reseller, "the sooner the better."

11. In addition, Lambrecht also wanted the Dell Vice President to "point [him] in the right direction of who to contact" at Dell about discussing a potential business opportunity with Dell in regard to power saving technologies involving servers.

12. Lambrecht continued to pursue and, on February 18, 2008, did enter the Dell reseller program.[1]

13. In addition, Lambrecht continued to pursue, seek, and arrange for a meeting in Round Rock, Texas, with the appropriate Dell personnel regarding the potential business opportunity.

14. On March 5, 2008, Dell and InCompass signed a Non-Disclosure Agreement regarding InCompass's purported power saving technology in advance of the meeting sought by Lambrecht.

15. On March 12, 2008, Lambrecht flew to Austin, Texas, and drove to the Dell corporate headquarters in Round Rock, Texas, for that meeting.

16. At a building on the Dell campus known as Round Rock 5, Lambrecht attended the meeting with several people from Dell in which a potential business opportunity was discussed in a general fashion.

17. Immediately upon conclusion of the meeting, Dell concluded that Lambrecht did not have any ideas or technology that did not already exist in the marketplace, and the meeting did not result in any further discussions about a business deal.

18. On March 12, 2008, Dell issued its first invoice to InCompass as a Dell reseller; and InCompass continued as a reseller from 2008 through 2010.

---

[1] The Dell reseller program, known as Dell PartnerDirect, offers sales, marketing, technical, and training benefits to participating vendors to buy and resell Dell products. Although named "PartnerDirect," the participating companies are independent contractors and the program does not create a partnership or joint venture or any other similar arrangement.

25050                                      3

19. As a reseller, InCompass failed from time to time to make timely payments on the invoices it received from Dell. These delinquencies resulted in occasional holds being placed on the InCompass account during the pendency of the delinquencies. During a hold, Dell would decline to ship additional computer equipment to or on behalf of InCompass until InCompass paid the significantly past due invoices.

20. In 2009, InCompass failed to make timely payment on the following invoices, true and correct copies of which are attached as Exhibit A-1,[2] totaling Seventy-Five Thousand Five Hundred Seventy-Eight Dollars and 79/100 ($75,578.79):

| Date | Invoice No. | P.O. Number | Original Amount | Amount Owed |
|---|---|---|---|---|
| 7/12/2009 | XD94KN7T5 | 2354 | 3,272.00 | 1,216.60 |
| 8/6/2009 | XDC1M91F2 | 2391 | 1,258.26 | 1,258.26 |
| 8/17/2009 | XDC8F3RX5 | 2398 | 37,000.00 | 37,000.00 |
| 9/2/2009 | XDCW3X4R7 | 2405 | 3,289.23 | 3,289.23 |
| 9/4/2009 | XDD16JWW3 | IHC200908312410 | 795.60 | 795.60 |
| 9/25/2009 | XDDM4N355 | PRAX2009091272421 | 776.25 | 776.25 |
| 10/12/2009 | XDF3PJ4F4 | CSE20090929 | 14,868.00 | 14,868.00 |
| 10/14/2009 | XDF59RJP6 | CSE20090929 | 14,782.56 | 14,782.56 |
| 10/23/2009 | XDFFKJM15 | INCINT200910232447 | 117.29 | 117.29 |
| 11/4/2009 | XDFTWW545 | PRA200908242405 | 1,475.00 | 1,475.00 |

21. As set forth on the face of these invoices, these transactions incorporated Dell's Terms and Conditions located at www.dell.com/us/policy, specifically, the "Terms and Conditions of Sale for Persons or Entities Purchasing to Resell (applies to all purchases of Products that buyer intends to resell to others)" found therein. A true and correct copy of the relevant Terms and Conditions are set forth herein as Exhibit A-3.[3]

---

[2] Copies of the Terms and Conditions that were included on the back sides of these invoices are attached as Exhibit A-2. These Terms and Conditions applied to "purchases made from Dell by phone, Internet, or the DellDirect Store" and they did not govern reseller transactions *See* Exhibit A-2 at paragraph 10 (referencing www.dell.com/policy/legal/terms of sale.htm) and Exhibit A-3 herein.

[3] These Terms and Conditions include a Dispute Resolution provision that requires that arbitrations initiated thereunder "shall take place in Austin Texas," and that arbitrators "will follow the law and judicial precedents that a United States District Judge sitting in the Western District of Texas would apply." *See* Exhibit A-3 at Paragraph 11.

25050                                      4

22. Dell timely initiated contact with InCompass regarding these overdue payments. Dell's collection efforts on InCompass's delinquent account increased over time as the amount owed increased. Because InCompass continued to refuse to pay the amounts due, Dell initiated a collection lawsuit in Travis County.

23. Rather than pay the amounts owed under the invoices when due, when demand was made prior to filing of the collection suit, or upon filing of the collection suit, InCompass removed the lawsuit to this Court and filed baseless counterclaims that not only merit prompt dismissal, but also will necessarily increase the attorney's fees Dell will have to expend to recover the amounts owed under the contract.

## BREACH OF CONTRACT

24. Dell herein incorporates by reference the allegations contained in paragraphs 1-23.

25. The invoices, attached hereto as Exhibit A-1 and A-2, along with the incorporated Terms and Conditions, attached hereto as Exhibit A-3, constitute a valid, binding contract.

26. Dell has fully or substantially performed its obligations under this contract.

27. InCompass has materially breached its contract with Dell by failing to make payments on these invoices. The principal balance due Dell on these invoices is Seventy-Five Thousand Five Hundred Seventy-Eight Dollars and 79/100 ($75,578.79).

28. Dell has demanded that InCompass pay this amount, but InCompass has not done so.

29. InCompass is liable to Dell for breaching this contract.

30. Dell has suffered and will continue to suffer damages as a result of InCompass's breach.

## ATTORNEY'S FEES

31. InCompass's breach of contract has made it necessary for Dell to employ counsel to pursue this lawsuit.

32. Dell is entitled to recover attorney's fees pursuant to Chapter 38.001(8) of the Texas Civil Practice and Remedies Code.

33. In addition, InCompass has agreed to pay reasonable attorney's fees pursuant to paragraph 9(b) of the Terms and Conditions incorporated into the invoices and attached hereto as Exhibit A-3.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Dell respectfully requests that:

a. Dell be granted judgment for Seventy-Five Thousand Five Hundred Seventy-Eight Dollars and 79/100 ($75,578.79) as the principal amount due on the account;

c. Dell be granted judgment for prejudgment and post judgment interest at the highest legal or contractual rate allowed by law;

d. Dell be granted judgment for reasonable attorney's fees, with additional contingent amounts in the event of appellate proceedings;

e. Dell be granted judgment for all taxable costs; and further that

f. Dell be granted all further relief to which Plaintiff may be entitled.

Respectfully Submitted,

/s/ Katherine P. Chiarello
Lisa A. Paulson
State Bar No. 00784732
Katherine Chiarello
State Bar No. 24006994
RATLIFF LAW FIRM PLLC
600 Congress Avenue
Austin, Texas  78701
Telephone:     (512) 493-9600
Facsimile:     (512) 493-9625


Michael D. Marin
State Bar No. 00791174
BOULETTE & GOLDEN L.L.P
1221 S. MoPac Expressway, Suite 300
Austin, Texas  78746
Telephone:     (512) 732-8900
Facsimile:     (512) 732-8905

ATTORNEYS FOR DELL MARKETING, L.P.

25050

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and complete copy of the above and foregoing has been served via the court's electronic filing system in accordance with the Federal Rules of Civil Procedure on the following attorney of record on this the 16th day of September 2010:

Alfred Stanbury
Stanbury Law Firm P.A.
2209 St. Anthony Parkway
Minneapolis, MN  55418

      /s/ Katherine P. Chiarello_____
      Katherine P. Chiarello