IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DELL MARKETING, L.P. <br> (a Texas limited partnership), | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1-10-CV-590 SS |
| v. | § § | |
| INCOMPASS IT, INC. <br> (a Minnesota corporation), | § § § | |
| Defendant. | § | |

**PLAINTIFF DELL MARKETING, L.P.'S OPPOSITION TO DEFENDANT INCOMPASS IT, INC.'S MOTION TO DISMISS**

After answering Plaintiff Dell Marketing, L.P.'s ("Dell") collection suit in state court, removing the lawsuit to this Court, and asserting numerous permissive counterclaims, Defendant InCompass IT, Inc. ("InCompass") argues that it is not subject to personal jurisdiction in Texas and that venue is improper. As a threshold matter, InCompass's motion is untimely under the Federal Rules of Civil Procedure and should be summarily denied for that reason alone. Even if the Court were inclined to consider the merits of InCompass's improper motion, it fails for several reasons. First, InCompass consented to personal jurisdiction when it contractually bound itself to resolve all disputes by arbitration. Second, InCompass is amenable to specific jurisdiction because both Dell's claim and InCompass's counterclaims arise out of InCompass's trips to Texas. Third, InCompass has waived any challenge to venue because it was not asserted in its answer. Finally, venue is proper in this district because a substantial part of the events giving rise to the claims in this case occurred in this judicial district.

**FACTUAL AND PROCEDURAL BACKGROUND**

InCompass is a managed service provider.[1]  Both Dell's breach of contract claim and InCompass's counterclaims arise out of InCompass coming to Texas to establish (or attempting to establish) a contractual relationship with Dell.

    **A.**    **After Traveling to Texas, InCompass Became a Dell Reseller.**

In February 2008, InCompass's CEO, Tim Lambrecht, traveled to a marketing conference in Dallas, Texas.  Dell Marketing, L.P.'s First Amended Complaint ("FAC") ¶ 8.  Dell was the featured guest at that conference.  *See* Exhibit A (Declaration of Casey Coulter) ¶ 3.

During the conference, Lambrecht spoke with Casey Coulter, one of Dell's inside sales representatives, about the possibility of InCompass entering into a reseller agreement with Dell, under which InCompass would resell Dell's computer products to consumers.  *See* FAC ¶¶ 8-9; Exhibit A ¶ 4.

A week later, Lambrecht emailed Gregory Davis, the Vice President of Dell Global Commercial Channels.  *See* FAC ¶ 10, Exhibit A ¶ 5.  Davis, who is in charge of the reseller program, is located at Dell's headquarters in Round Rock, Texas.  *See id*.  Lambrecht indicated that he wanted more information about the reseller program, "the sooner . . . the better."  Exhibit A ¶ 6; *see also* FAC ¶ 10.

Davis suggested to Lambrecht that he contact Coulter about the reseller program.  Lambrecht did so and after communicating with Cody Carder, another inside sales representative, quickly entered Dell's reseller program.  *See* Exhibit A ¶¶ 8-10.

---

[1]  *See* http://www.incompassit.com/managed-it-support-services.html.

### B. InCompass Failed to Pay For the Computer Equipment That Dell Shipped Pursuant to the Reseller Program.

Pursuant to its reseller agreement with Dell, InCompass would purchase computer equipment from Dell. When Dell shipped the equipment, it would issue an invoice to InCompass. *See, e.g.*, FAC at Exhibit A-1. InCompass failed to pay invoices issued between July and November 2009 in an amount that totaled just over $75,000. *See* FAC ¶ 20.

### C. InCompass Solicited Dell's Involvement in a New Contractual Relationship.

When Lambrecht contacted Davis about entering into a reseller agreement with Dell, Lambrecht also indicated that he wanted the opportunity to try to interest Dell in a potential business opportunity regarding power-saving technologies applicable to servers. *See* FAC ¶ 11; Exhibit A ¶ 7.

With Davis's assistance, Lambrecht was able to set up a meeting with Dell at its headquarters in Round Rock, Texas. *See* FAC ¶¶ 11, 13; Exhibit B (Declaration of Onur Celebioglu). At Lambrecht's request, Dell signed a non-disclosure agreement in advance of the meeting. *See* FAC ¶ 14. On March 12, 2008, Lambrecht traveled to Round Rock and attempted to persuade Dell to enter into a business relationship with InCompass regarding what Lambrecht claimed was new power-saving technology regarding servers. *See* FAC ¶¶ 15-16; Exhibit B ¶ 3-4. The meeting did not result in Dell pursuing a further business relationship with InCompass. *See* FAC ¶ 17.

### D. This Litigation Arises From Lambrecht's Two Visits to Texas.

When Dell's repeated attempts to collect InCompass's debt failed, Dell filed suit in the County Court at Law of Travis County. FAC ¶ 22; Defendant's Notice of Removal [#1] at Ex. A. InCompass answered the petition and asserted a counterclaim for breach of contract relating to Dell's delivery of the computer equipment. *Id.* at Ex. B.

After removing the case to federal court, InCompass filed an amended answer in which it voluntarily chose to assert four permissive counterclaims that purport to arise out of the non-disclosure agreement regarding the technology discussed at the meeting in Round Rock.  *See* Defendant's First Amended Answer, Affirmative Defenses, and Counterclaim ("Answer") [#8]. Thus, all of the claims at issue in this case find their genesis in Lambrecht's two visits to Texas.[2]

## ARGUMENT

**I.   INCOMPASS'S UNTIMELY CHALLENGE TO PERSONAL JURISDICTION AND VENUE SHOULD BE REJECTED.**

Federal Rule of Civil Procedure 12(b) permits certain defenses—like lack of personal jurisdiction and improper venue—to be raised by a motion to dismiss.  *See* Fed. R. Civ. P. 12(b) ("[A] party may assert the following defenses by motion: (2) lack of personal jurisdiction; (3) improper venue.").  Such a motion, however, "must be made before pleading if a responsive pleading is allowed."  *Id*.  Rule 12's dictates are clear: if InCompass wanted to challenge venue or this Court's exercise of personal jurisdiction over it by motion, then it was required to file such a motion **before** filing an answer.  InCompass did not do so.  Instead, InCompass filed an answer in state court and an amended answer in federal court before filing a motion that asserted its personal jurisdiction and venue challenges.  *See* Defendant's Notice of Removal [# 1] at Exhibit B; Answer.

Under Rule 12(b), InCompass's motion is "a nullity; by filing an answer, [InCompass] ha[s] eschewed the option of asserting by motion that" the court lacks personal jurisdiction over it or that venue is improper.  *Leonard v. Enterprise Rent A Car* 279 F.3d 967, 971 n.6 (11th Cir. 2002) (addressing an untimely Rule 12(b)(6) motion); *Brown v. Grandmother's, Inc.*, No. 4:09CV3088, 2010 WL 611002, at *3 (D. Neb. Feb. 17, 2010) ("[A] party cannot file a Rule

---

[2]  Dell's motion to dismiss InCompass's counterclaims is currently pending before the Court.  *See* Dkt. # 19.

12(b) motion after it has filed an answer."). When, as here, a party has failed to file a motion to dismiss before filing an answer, numerous courts have summarily rejected the motions as untimely.[3] *See, e.g.*, *Limbright v. Hofmeister*, No. 5:09-cv-107-KSF, 2010 WL 1740905, at *3 (E.D. Ky. Apr. 27, 2010) (fact that motion to dismiss was filed 4 hours after the answer provided "an alternative reason" to deny motion to dismiss); *Sears Petroleum & Transp. Corp. v. Ice Ban America, Inc.*, 217 F.R.D. 305, (N.D.N.Y. 2003) ("[T]he Rule 12(b)(2) portion of the motion is untimely and cannot be considered because defendants served their answer to the amended complaint prior to making this motion.").[4] Because InCompass failed to comply with the express requirements of Rule 12(b), the Court should reject its motion to dismiss.

## II. INCOMPASS IS SUBJECT TO PERSONAL JURISDICTION IN TEXAS.

Even if InCompass's motion were timely, the motion should be denied for two additional reasons. First, InCompass consented to personal jurisdiction in Texas under the terms of the applicable contracts. Second, specific jurisdiction is appropriate because Dell's claim arises out of InCompass's purposeful contacts with Texas.

### A. By Agreeing To Arbitration in Texas, InCompass Has Waived Its Challenge to Personal Jurisdiction.

A party may waive, either explicitly or implicitly, the requirement that a court have personal jurisdiction over it. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985); *Ins. Corp. of Ireland v. Compagnie des Bauxites de Quinee*, 456 U.S. 694, 703-05

---

[3] Dell is not arguing that InCompass has waived the substantive right to adjudicate its personal jurisdiction challenge, only that it may not do so with a Rule 12(b)(2) motion to dismiss. Due to InCompass's decision to answer the petition, it is limited to raising its personal jurisdiction challenge in a Rule 56 motion for summary judgment after Dell has been given the opportunity to perform appropriate discovery. *See Sears Petroleum & Transp. Corp.*, 217 F.R.D. at 307-08. However, as discussed *infra* in Section III.A, InCompass has waived its venue challenge because it failed to assert it in its answer.

[4] *See also Grafas v. TSK Franchise Sys., Inc.*, No. 09-CV-4914 (JS)(AKT), 2010 WL 2301295, at *1 (E.D.N.Y. June 2, 2010); *U.S. v. Ala. Dep't of Mental Health & Mental Retardation*, No. 2:08-cv-1025-MEF, 2010 WL 447399, at *4 (M.D. Ala. Feb. 9, 2010); *In re Holtzclaw*, No. 08-80044, 2009 WL 6499262, at *1 (Bkrtcy. N.D. Gas. July 22, 2009).

(1982). For example, an agreement to arbitrate in a specific forum is one way in which a litigant "may impliedly consent to personal jurisdiction" in that forum. *Painewebber Inc. v. The Chase Manhattan Private Bank*, 260 F.3d 453, 461 (5th Cir. 2001) (citing *Ins. Corp. of Ireland*, 456 U.S. at 704).[5]

The invoices at issue in this lawsuit expressly incorporate the terms and conditions of sale contained on Dell's website. *See* FAC at Exhibit A-1(a)-(j). The terms and conditions applicable to resellers, like InCompass, provide that all claims, disputes, or controversies arising out of the reseller agreement between the parties will be settled by binding arbitration to take place in Austin, Texas and that the arbitrators "will follow the law and judicial precedents that a United States District Judge sitting in the Western District of Texas would apply" to the dispute. FAC at Exhibit A-3a ("Terms and Conditions of Sale for Persons or Entities Purchasing to Resell" ¶ 15).[6] Because InCompass has agreed to arbitrate in Austin, Texas—and subject itself to the law and judicial precedents that this Court would apply—it has implicitly consented to personal jurisdiction in this forum.

### B. InCompass Is Subject to Specific Jurisdiction Because the Contract At Issue Arises From InCompass's Solicitation of Dell in Texas.

Even if InCompass had not consented to personal jurisdiction in this forum, InCompass's motion must fail because its purposeful contacts with Texas are what give rise to the claims in this lawsuit.

---

[5] In an unpublished opinion, a subsequent panel of the Fifth Circuit has cited *Painewebber* for the proposition that "[w]hen a party agrees to arbitrate in a particular state, via explicit or implicit consent, the district courts of the agreed upon state may exercise personal jurisdiction over the parties for the limited purpose of compelling arbitration." *Encompass Power Servs., Inc. v. Eng'g & Constr. Co.*, No. 05-20987, 2007 WL 866611, at *2 (5th Cir. Mar. 20, 2007). Nothing in the *Painewebber* opinion says that the consent is so limited. Additionally, the unpublished decision in *Encompass Power Servs.* is not precedent under the Fifth Circuit's Rules of Appellate Procedure. *See* Fifth Circuit Rule 47.5.4 ("Unpublished opinions issued on or after January 1, 1996 are not precedent" except for exceptions not applicable here).

[6] *See also id*. at Exhibit A-3b ("Terms and Conditions of Sale for Persons or Entities Purchasing to Resell" ¶ 11); *id*. at Exhibit A-3c ("Terms and Conditions of Sale for Persons or Entities Purchasing to Resell" ¶ 11).

A court may, consistent with the Due Process Clause, exercise specific jurisdiction over a defendant who has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Electrosource, Inc. v. Horizon Battery Techs. Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984) and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).[7]  In determining whether Dell has made a *prima facie* case for specific personal jurisdiction, Dell's jurisdiction allegations must be accepted as true, and all factual disputes must be resolved in Dell's favor.  *See, e.g.*, *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005).

Here, InCompass purposefully traveled to Texas and approached Dell about entering into a reseller agreement.  InCompass followed up on that initial meeting by contacting the head of Dell's reseller program in Round Rock in a further attempt to enter into the reseller agreement.  It is InCompass's failure to pay for the computer equipment it purchased, as a result of the reseller agreement, that gives rise to Dell's claim against InCompass in this litigation.  As discussed above, InCompass voluntarily agreed that such disputes would be resolved in Austin, Texas.

Additionally, InCompass contacted Dell in Round Rock to initiate discussions about a potential business arrangement regarding power-saving technology and traveled to Round Rock to further those negotiations.  Many of InCompass's counterclaims arise out of those purposeful contacts with Texas.  Because both the claim and counterclaims in this litigation arise out of

---

[7] Generally, a non-resident defendant is subject to personal jurisdiction if it is amenable to service of process under the State's long-arm statute and if the assertion of personal jurisdiction is consistent with the Fourth Amendment's due process clause.  *Electrosource, Inc.*, 176 F.3d at 817.  Because the Texas long-arm statute has been interpreted "to extend to the limits of due process," it is only necessary for the Court to evaluate whether InCompass is subject to personal jurisdiction under the Due Process Clause.  *Id.*

InCompass's purposeful contacts with Dell in Texas, this Court may assert specific jurisdiction over InCompass.

Because Dell has made a *prima facie* case of InCompass's minimum contacts with Texas, the burden shifts to InCompass to present a "compelling case" that the assertion of jurisdiction would be unfair. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996); *see also Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, (5th Cir. 2008). [8] In its motion, InCompass makes only a cursory effort to do so. First, InCompass contends that "[t]he court's assumption of jurisdiction" would "place an extraordinary burden on defendant because none of the witnesses are located in the forum state." Motion to Dismiss [#10] ¶ 24. InCompass makes no attempt, however, to describe where it contends the witnesses are located.[9] Next, InCompass also points out that Dell "could obtain the same or similar relief in the District of Minnesota." *Id.* ¶ 25. Even if this were accurate, it is irrelevant. Plaintiffs are generally not deprived of their right to select the forum simply because they could obtain "the same or similar relief" in the forum where the defendant resides. Finally, InCompass asserts that the Court's assumption of jurisdiction over InCompass "would not further any fundamental, substantive social policy interest of all of the states." Motion to Dismiss [#10] ¶ 26. InCompass's mere recitation of some of the applicable standards does not amount to a "compelling case" that the assertion of jurisdiction would be unfair. For all of these reasons, InCompass's challenge to personal jurisdiction fails.

---

[8] The Court generally considers "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Gundle Lining Constr.*, 85 F.3d at 207.

[9] Additionally, this statement is incorrect. Onur Celebioglu, who has proffered a declaration in support of this opposition, is located in Travis County. *See* Exhibit B. Several other Dell employees who Lambrecht met with in Round Rock, Texas are located in Central Texas as is Greg Davis, the Dell Vice President who Lambrecht initiated contact with after attending the Channel Summit 2008 conference.

**III.   INCOMPASS'S VENUE CHALLENGE IS WITHOUT MERIT.**

Even if InCompass's challenge to venue were timely (it is not; see Section I, *supra*), it should be rejected for two additional reasons. First, InCompass waived its venue challenge by filing an answer that did not specifically challenge venue. Second, InCompass has failed to prove that venue is not proper in this district.

> **A.   By Failing To Assert Improper Venue In Its Answer, InCompass Has Waived Its Challenge to Venue.**

Rule 12 requires a party challenging venue to assert that defense in the responsive pleading or by a motion made before pleading. *See* Fed. R. Civ. P. 12(b); *see also* Fed. R. Civ. P. 12(h)(1)(B). InCompass did not assert the defense of improper venue in its answer.[10] *See* Defendant's Notice of Removal [#1] at Exhibit B at 2-3 ("Affirmative Defenses"). Nor did InCompass assert the defense of improper venue in its amended answer. *See* Answer at 2-3 ("Affirmative Defenses"). Accordingly, InCompass has waived that defense and is precluded from challenging venue. *Cf. Kersh v. Derozier*, 851 F.2d 1509, 511 (5th Cir. 1988) (party waived challenge to defect in service when it filed an answer which did not assert that defense before filing a Rule 12 motion to dismiss); *see also U.S. Brass Corp. v. Am. Gas Furnace Co.*, No. Civ. 301CV0414-H, 2001 WL 1082416, *2 (N.D. Tex. Aug. 29, 2001) (12(b)(3) challenge waived by filing answer).

> **B.   InCompass Has Failed To Establish That Venue Is Not Proper In This District.**

As the party challenging venue, InCompass bears the burden of demonstrating that venue is defective. *See X Techs., Inc. v. Marvin Test Sys., Inc.*, SA-10-CV-319-XR, 2010 WL

---

[10]   InCompass may argue in reply that it preserved its venue challenge by generally denying Dell's venue allegations. This is not sufficient. In *Textron, Inc. v. Maloney-Crawford Tank & Manufacturing Co.*, 252 F. Supp. 2d 362 (S.D. Tex. 1966), the defendant asserted a general denial to the plaintiff's venue allegations. *Id.* at 363-64. The court held that "[t]his general denial is not sufficient to raise a question of venue." *Id.* at 364; *see also Nissho Iwai Am. Corp. v. M/V Kyvernitis*, No. Civ. A. 96-2241, 1998 WL 2853, at *3 (E.D. La. Jan. 5, 1998) (defense of improper venue must be asserted "with specificity in the answer") (citing 5A Wright & Miller § 1352, at 273-74).

2303371, at *2 (W.D. Tex. June 7, 2010) (citing cases).  InCompass has failed to carry this burden.

InCompass contends that venue is improper under 28 U.S.C. § 1391(a)(2) because "a substantial part of plaintiff's claim did not occur in Texas."  Motion to Dismiss [#8] ¶ 7.  InCompass makes no attempt to describe where it believes the substantial parts of Dell's claims did occur.  Instead, InCompass simply cites two cases, neither of which is from this jurisdiction or is factually similar to this case.[11]  In any event, InCompass's argument is simply wrong.  As discussed *supra* in Section II.B, InCompass's CEO's purposeful contacts with the head of Dell's reseller program in Round Rock, Texas lead to the contractual relationship that is the basis for Dell's claim against InCompass.  Additionally, InCompass expressly agreed to have disputes resolved in Austin, Texas.  Because a substantial part of the events giving rise to Dell's claim occurred in this judicial district, venue is appropriate.  *See* 28 U.S.C. § 1391(a)(2).

## CONCLUSION

For all of the reasons stated above, InCompass's motion to dismiss should be denied.

Respectfully Submitted,

/s/ Katherine P. Chiarello
Lisa A. Paulson
State Bar No. 00784732
Katherine Chiarello
State Bar No. 24006994
RATLIFF LAW FIRM PLLC
600 Congress Avenue
Austin, Texas  78701
Telephone:   (512) 493-9600
Facsimile:    (512) 493-9625

---

[11] In *Uffner v. La Reunion Francaise*, 244 F.3d 38 (1st Cir. 2001), the First Circuit concluded that venue was proper where the insured boat sank.  *Id*. at 43.  *First of Michigan Corp. v. Bramlet*, 141 F.3d 260 (6th Cir. 1998) involved an articulation of the applicable venue standard after the 1990 revisions to 28 U.S.C. § 1391(a).

                                                     Michael D. Marin  
                                                     State Bar No. 00791174  
                                                     BOULETTE & GOLDEN L.L.P  
                                                     1221 S. MoPac Expressway, Suite 300  
                                                     Austin, Texas  78746  
                                                     Telephone:     (512) 732-8900  
                                                     Facsimile:      (512) 732-8905  

                                                   ATTORNEYS FOR DELL MARKETING, L.P.

## CERTIFICATE OF SERVICE

       I hereby certify that a true and complete copy of the above and foregoing has been served via the court's electronic filing system in accordance with the Federal Rules of Civil Procedure on the following attorney of record on this the 22nd day of September 2010:

Alfred Stanbury  
Stanbury Law Firm P.A.  
2209 St. Anthony Parkway  
Minneapolis, MN  55418

                                              /s/ Katherine P. Chiarello_____  
                                              Katherine P. Chiarello